UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF UBS COMMERCIAL MORTGAGE TRUST 2017-C2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-C2, acting by and through Midland Loan Services, a PNC Real Estate Business, as Special Servicer under the Pooling and Servicing Agreement dated as of August 1, 2017,<br><br>Plaintiff,<br><br>v.<br><br>3708 VESTAL PKWY E., LLC, OLGA J. TSUNIS, GEORGE TSUNIS, and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100, inclusive, the last one hundred names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>Defendants. | Civil Action File No. 22-cv-04714-ER |

## STIPULATION AND AGREED CONFIDENTIALITY ORDER

WHEREAS, on June 6, 2022, Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2017-C2, Commercial Mortgage Pass-Through Certificates, Series 2017-C2 ("Plaintiff"), acting by and through Midland Loan Services, a PNC Real Estate Business, as Special Servicer under the Pooling and Servicing Agreement dated as of August 1, 2017, filed its Complaint (see ECF No. 1) against, inter alia, defendants 3708 Vestal Pkwy E., LLC, Olga J. Tsunis, and George Tsunis (collectively, "Defendants") to foreclose a commercial mortgage in the original principal amount of

#180676400_v2 516952.00507

$6,000,000.00 on real property commonly known as the Hampton Inn & Suites Binghamton - Vestal and located at 3708 Vestal Parkway East, Vestal, New York 13850 (the "Property");

WHEREAS, by Order dated November 14, 2022 (the "Order"), the time by which Defendants are to answer or otherwise respond to the Complaint has been extended to December 15, 2022 (see ECF No. 29);

WHEREAS, by the Order, the time by which Plaintiff is to file a motion, pursuant to Fed. R. Civ. P. 66, for the appointment of a receiver to take immediate possession and control of the assets of defendant 3708 Vestal Pkway E., LLC ("Borrower"), including the Property as well as the rents and profits that the Property generates (the "Receivership Motion"), has been extended to December 15, 2022 (see ECF No. 29);

WHEREAS, Plaintiff and Defendants (together, the "Parties") are prepared to provide one another with documents and other information requested by the other in furtherance of settlement discussions of this action (the "Discussions"), documents and information which the Parties may regard as proprietary or otherwise confidential;

WHEREAS, it is also anticipated that court filings in this matter will include references to documents or information that the Parties may regard as proprietary or otherwise confidential and may include attorney work product, including, without limitation, asset status report and appraisals;

WHEREAS, the Parties desire and agree to protect the confidentiality of any such proprietary or otherwise confidential documents in the course of this action;

IT IS HEREBY stipulated and made an Order of the Court that—until this Stipulated Confidentiality Order is amended or superseded—the Parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below), shall

#180676400_v2 516952.00507

follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action.

**A.     Scope**

1.      This Order shall govern all documents and information designated in writing as confidential and produced by the Parties in connection with the Discussions or this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information revealed during a deposition, in any interrogatory answer, or otherwise disclosed via discovery.

2.      Nothing in this Order precludes any Party from seeking relief from the Court with regard to the production of documents or information.

3.      This Order does not alter any confidentiality obligations that a Party may have at law or under another agreement.

4.      By producing any document that may contain attorney-work product or attorney-client privileged communications, the non-producing Party acknowledges that the production of such documentation shall not constitute waiver of any privilege.

5.      The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

6.      Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

7. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing Party that any document, testimony, or other information designated as "Confidential" constitutes a trade secret or is in fact confidential.

8. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

**B.  Confidential Information**

1. Materials that contain sensitive information may be designated as "Confidential." Materials so designated are referred to herein as "Confidential Information."

2. Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential" or otherwise identifying such documents by Bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

4. A party may designate as Confidential Information subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in

writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege.  In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

5. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

C. **Treatment of Confidential Information**

1. Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

(a) The Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(b) Outside counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c)     In-house counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d)     Persons employed by any party or by counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts and consultants, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e)     The Court or persons employed by the Court;

(f)     Duly qualified court reporters and videographers participating in these proceedings;

(g)     Persons who were the authors or recipients of the documents in the ordinary course of business;

(h)     Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(i)     Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2.     Confidential Information shall be used by the receiving Party solely for the defense and/or prosecution of this Action and only as provided in this Stipulated Confidentiality Order. Confidential Information shall not be used or employed for any other action, proceeding, or purpose whatsoever.

3.     Before disclosing Confidential Information to any third party (other than those enumerated in Section C(1) above) pursuant to this Order, the disclosing Party must provide

#180676400_v2 516952.00507

prior written notice to the producing Party or any other party designating the information as Confidential Information. Such disclosure shall not be made until (1) such Party consents to the disclosure; or (2) the court resolves any objections to the disclosure, whichever is earlier. Any objections to such disclosure shall be made in writing to the court within ten (10) business days of receipt of the notice.

4. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order. To the extent such person is neither a Party nor employed by a Party, such person shall sign an agreement to be bound to this Order (in the form annexed as Exhibit A) before any Confidential Information is disclosed.

5. No Confidential Information shall be filed with the Court or used in a hearing or trial unless the Party seeking to file or use the Confidential Information has provided, at least five (5) business days before the filing or hearing, written notice to all parties and any person designating the information as Confidential Information. This pre-filing/pre-use notice shall identify the specific information that the Party intends to file or use. Any objections to such filing or use shall be made in writing to the Court within the five-business day period with a request for an expedited hearing. If objections are lodged, the Confidential Information must not be filed or used until further instruction from the Court, unless the information is filed pursuant to the Court's procedures for filing documents under seal.

6. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10)

business days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

7. No later than sixty (60) days after the termination of this litigation by settlement or by a final and non-appealable order, all Confidential Information supplied by the Parties and non-parties and all copies thereof shall, upon written request, be destroyed or deleted and the party upon whom such request is made shall certify in writing that it has undertaken its best efforts to destroy or delete such physical objects and documents, and that such physical objects and documents have been destroyed or deleted to the best of its knowledge.  However, it is understood that each Party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any Party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

#180676400_v2 516952.00507

8. Any dispute concerning the application of this Agreed Confidentiality Order shall be heard by the Court upon motion by the objecting Party. Any violation of this Stipulated Confidentiality Order may result in sanctions and costs. This Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: New York, New York
           December 2, 2022

| | |
|---|---|
| HOLLAND & KNIGHT LLP | WESTERMAN, BALL, EDERER, MILLER & SHARFSTEIN, L.L.P. |
| By: __/s/ Keith M. Brandofino__<br>Keith M. Brandofino, Esq.<br>David V. Mignardi, Esq.<br>900 Third Avenue<br>New York, New York 10022<br>(212) 751-3001<br>keith.brandofino@hklaw.com<br>david.mignardi@hklaw.com<br>baron.giddings@hklaw.com | By: __/s/ Todd M. Gardella__<br>Todd M. Gardella, Esq.<br>Jeffrey A. Miller, Esq.<br>1201 RXR Plaza<br>Uniondale, New York 11556<br>Phone: (516) 840-8016<br>tgardella@westermanllp.com<br>jmiller@westermanllp.com |
| *Attorneys for the Plaintiff* | *Attorneys for Defendants* |
| *Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2017-C2, Commercial Mortgage Pass-Through Certificates, Series 2017-C2, acting by and through Midland Loan Services, a PNC Real Estate Business, as Special Servicer under the Pooling and Servicing Agreement dated as of August 1, 2017* | *3708 Vestal Pkwy E., LLC, Olga J. Tsunis, and George Tsunis* |

Dated: New York, New York
           December 5, 2022

_____
Hon. Edgardo Ramos, U.S.D.C.

9

#180676400_v2 516952.00507

Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF UBS COMMERCIAL MORTGAGE TRUST 2017-C2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-C2, acting by and through Midland Loan Services, a PNC Real Estate Business, as Special Servicer under the Pooling and Servicing Agreement dated as of August 1, 2017,<br><br>                                Plaintiff,<br><br>            v.<br><br>3708 VESTAL PKWY E., LLC, OLGA J. TSUNIS, GEORGE TSUNIS, and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100, inclusive, the last one hundred names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>                                Defendants. | Civil Action File No. 22-cv-04714-ER |

I, _____ , state that:

1. My address is_____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____

4. I have received a copy of the Stipulation and Agreed Confidentiality Order (the "**Order**")

entered in the above-entitled action on _____.

10

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Order in this action.

Dated: _____  _____

#180676400_v2 516952.00507