**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**

Todd M. Gardella, Esq.
516-622-9200 Ext. 449
tgardella@westermanllp.com

**MEMO ENDORSED**

October 2, 2024

**VIA ECF**
Hon. Edgardo Ramos
U.S. District Judge, S.D.N.Y.
40 Foley Square, Courtroom 619
New York, New York 10007

> Defendants' request to authorize service upon Scott Puff by certified mail is granted.  SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: October 3, 2024
> New York, New York

Re:   <u>Wells Fargo Bank, N.A. v. 3708 Vestal Pkwy E., LLC, et al.</u>; 1:22-cv-04714-ER

Dear Judge Ramos,

 We represent defendants 3708 Vestal Pkwy E., LLC, Olga J. Tsunis and George Tsunis (collectively, "Defendants") in this action. We write on behalf of Defendants to request an order permitting alternative service of a deposition subpoena on nonparty Scott Puff, who is a former employee of the special servicer on the subject loan, Midland Loan Services ("Midland").  Over the past two weeks, the parties have conducted party depositions.  Plaintiff has deposed Mr. Tsunis and Mrs. Tsunis.  Defendants have deposed two witnesses from Midland on behalf of plaintiff, concluding the last one on Monday.

 Defendants now intend to depose Mr. Puff as a nonparty in accordance with the Court's scheduling order. During his tenure with Midland, Mr. Puff engaged in direct communications with Mr. Tsunis regarding restoring the loan to master servicing.  The testimony of the Midland witnesses reveals that Mr. Puff participated in internal meetings with individuals at Midland during the time when he was assigned to this loan.  Defendants intend to examine Mr. Puff regarding his conversations and any other relevant information that he may possess.  Defendants, however, have been unable to serve Mr. Puff, who lives out of state, in Dallas, Texas.

 Defendants have made multiple attempts to serve Mr. Puff with a deposition subpoena, but he has purposefully evaded each attempt. It is evident that Mr. Puff is aware his testimony is sought and is deliberately avoiding personal service of the subpoena.  Further efforts to serve Mr. Puff would be costly and futile.  Having already made diligent efforts to serve Mr. Puff, we respectfully request that the Court grant an order permitting alternative service.

 ***Diligent Efforts to Serve Mr. Puff***

 Two process servers made a total of nine attempts to serve Mr. Puff at his residence. The first process server made five attempts to serve him at 4047 Kirkmeadow Lane, Dallas, Texas on July 9, 2024, at 6:40 pm; July 10, 2024, at 8:00 am and 7:10 pm; July 11, 2024, at 7:40 pm; and July 13, 2024, at 1:40 pm. A true and correct copy of the first process server's Affidavit of Non-Service is attached hereto as Exhibit A. The first process server varied the times of day and days of the week in an effort to serve Mr. Puff, including mornings, afternoons, evenings, weekdays, and weekends, but was unsuccessful in all attempts.

 Approximately half an hour after the fifth attempted service on July 13th, the process server received a phone call at the number he had included on a door hanger left at the address. The caller

October 2, 2024
Page 2

was a woman who identified herself as Mr. Puff's wife. The process server informed her that he could return within 30 minutes, and she instructed him to do so. However, when the process server returned to the home, no one was there. The process server called the caller back four times but received no response. Ex. A.

The following week, another process server made four additional attempts to serve Mr. Puff with the deposition subpoena. A true and correct copy of the second process server's Affidavit of Non-Service is attached hereto as Exhibit B. On July 18, 2024, at 4:41 pm, an attempt was made. The process server identified a woman, approximately 70 years old, who answered the door. Upon realizing it was a process server, she shut the door and deadbolted it. On Saturday, July 20, 2024, the process server made another attempt at 8:00 am, but no one answered, so he left a door hanger. Then, on July 23, 2024, at 2:54 pm, the process server attempted to serve Mr. Puff again, but no one answered the door. However, dogs were barking inside, and the process server could hear someone quieting them down. That day, the process server spoke to a neighbor, who mentioned that the woman living in the residence had told her about the service attempts and expressed concern. The process server explained that Mr. Puff is not a defendant and that there was no reason for concern. The neighbor said she would relay this information. Finally, on July 24, 2024, at 7:31 pm, the process server made a final attempt, but no one answered the door. To date, the process server has not received a response to his calls. Ex. B.

### *Substituted Service Permitted After Unsuccessful Diligent Attempts*

There can be no dispute that Mr. Puff is aware that his testimony is being sought and that the Defendants are attempting to serve him with a subpoena to compel his testimony. Mr. Puff has successfully evaded nine attempts at service, making it exceedingly unlikely that any further attempts at personal service will be successful.

While the plain text of Rule 45(b)(1) suggests that hand delivery of a witness subpoena is required, within the Southern District, the Court may, upon a showing of diligence, order service by substitute means. *E.g., Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450 (S.D.N.Y. 2017) (service by email permitted), *Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353 (S.D.N.Y. 2022) (service by certified mail permitted), *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116(PGG), 2009 WL 1313259 (S.D.N.Y. May 11, 2009) (service by substituted means permitted after nine unsuccessful attempts at personal service).

Courts in the Southern District have reasoned that "[t]he language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be delivered to the person whose attendance or production of documents is sought. Such language neither requires in-hand service nor prohibits alternative means of service" in concluding that "effective service under Rule 45 is not limited to personal service." *Cordius Tr. v. Kummerfeld*, No. 99 CIV. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (cleaned up). While the substituted method of service must comport with due process by being reasonably calculated under the circumstances to provide the recipient with both notice and opportunity to present objections, courts have consistently held that service by certified mail meets this requirement. *Id.*

Defendants have acted with due diligence by making nine attempts at service, at varied times of the day and week. Mr. Puff is obviously aware of the attempts to serve to him, and "[t]he Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service." *Id.*

October 2, 2024
Page 3

      We therefore respectfully request an Order authorizing service upon Mr. Puff by certified mail.

                              Respectfully submitted,

                              *Todd M. Gardella*
                              Todd M. Gardella

cc:      Counsel to Plaintiff (via ECF)

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
ATTORNEY: WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP
ADDRESS: 1201 RXR PLAZA UNIONDALE, NY 11556

CIVIL ACTION NO.: 22-CV-04714-ER

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Plaintiff

Date Filed:
Job #: 1487507
Court Date:  Time:

vs

3708 VESTAL PKWY E. LLC, et al.,

Defendant

**AFFIDAVIT OF NON SERVICE**

STATE OF TEXAS COUNTY OF COLLIN, SS.:

Gean O. Smith, PSC4683, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of Texas.

That on **07/13/2024** at **1:40 PM.**, at **4047 KIRKMEADOW LANE, DALLAS, TX 75287**
Deponent attempted to serve the within **Subpoena to Testify at a Deposition in a Civil Action and Federal Rule of Civil Procedure 45 (c), (d), and (e), and (g) (Effective 12/1/13) with Schedule A**
On **SCOTT PUFF**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 07/09/24 @ 6:40 p.m. No one was home, but there were several dogs inside the house. I left a door hanger on the door with my information to call me. Attempted on 07/10/24 at 8:00 a.m. again at 7:10 p.m. and on 7/11/24 at 7:40 p.m. No answers or cars were around on all attempts and there were several dogs inside house. Attempted on 7/13/24 at 1:40 p.m. No one was home and I left my door hanger on the door. I got a phone call from a foreign lady and was told Scott Puff was her husband. I told her that I could come back to her house in thirty minutes and she said to come. I arrived at her house at 4:30 p.m. and no one was home, not even the dogs. I tried calling her four more times and I left a message with no reply. No cars were around and I drove down the alley.

Subscribed and Sworn to before me on July 17, 2024
by the affiant who is personally known to me.

*(signed)* Shirley Nell McClellan
NOTARY PUBLIC

*(signed)* Gean O. Smith
Gean O. Smith, PSC4683
DCA License# PSC4683

SHIRLEY NELL MCCLELLAN
Notary ID #6985122
My Commission Expires
September 21, 2025

Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
ATTORNEY: WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP
ADDRESS: 1201 RXR PLAZA UNIONDALE, NY 11556

CIVIL ACTION NO.: 22-CV-04714-ER

WELLS FARGO BANK, NATIONAL ASSOCIATION,

*Plaintiff*

Date Filed:
Job #: 1487871
Court Date:  Time:

vs

3708 VESTAL PKWY E. LLC, et al.,

*Defendant*

**AFFIDAVIT OF NON SERVICE**

STATE OF TEXAS COUNTY OF COLLIN, SS.:

Thomas Mix, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the State of Texas.

That on **07/24/2024** at **7:31 PM.**, at 4047 KIRKMEADOW LANE, DALLAS, TX 75287
Deponent attempted to serve the within **Subpoena to Testify at a Deposition in a Civil Action and Federal Rule of Civil Procedure 45 (c), (d), and (e), and (g) (Effective 12/1/13) with Schedule A**
On **SCOTT PUFF**

That diligent effort was made by deponent to serve the within document(s) on the defendant(s)/respondent therein named without success for the reasons indicated below:

I attempted service on 07/18/24 @ 4:41 p.m.  An Asian female approximately 70 years of age opened the door.  I said "I" and she shut the door and dead bolted it.  I spoke to the next door neighbor and he said he has never heard of Scott Puff, and he knows that he doesn't live there.  The neighbor said she lives there alone.  I left my card addressed to Scott Puff on door.  Attempted on Saturday, 07/20/24 @ 8:00 a.m.  No answer at the door.  I again left my contact information stating I had a delivery.  Attempted on 07/23/24 @ 2:54 p.m.  No answer at door.  Dogs were barking and someone quieted them down.  I contacted a different neighbor on the opposite side of neighbor I contacted on the first attempt.  She sounded like she knew the Asian lady pretty well.  She said the Asian lady told her about the situation and said she was worried about what it was about.  I explained to her that Scott was not listed as defendant, so it should be nothing that he should be to concerned about.  She said was going to reach out to them but she would not confirm if Scott lived there or not.  Based on that conversation, I am pretty sure he does live there.  I left my number on their door and with the neighbor.  Attempted on 07/24/24 @ 7:31 p.m.  No answer at door and I again left my contact information.  To date I have not received any phone calls back.

Thomas Mix
DCA License# PSC- 10707

Subscribed and Sworn to before me on
by the affiant who is personally known to me.

NOTARY PUBLIC





*Court Support, Inc., 265 Post Ave #150, Westbury, NY 11590 License #1382542*